[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14686
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00012-WCO-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIOVANNI ECHEVARRIA-COLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 7, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Giovanni Echevarria-Colon appeals his 28-month sentence, which the

district court imposed after he pleaded guilty to illegal reentry into the United

States after previously being deported, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Echevarria-Colon argues that his sentence, which is four months above the advisory guidelines range of 18 to 24 months, is substantively unreasonable because it is greater than necessary to satisfy the sentencing considerations set forth in 18 U.S.C. § 3553(a). He contends that any relevant prior conviction that warrants consideration was taken into account through the United States Sentencing Guidelines calculations and may not provide a basis for an upward variance. Moreover, Echevarria-Colon argues, his personal characteristics and history warranted a downward variance.

We review the substantive reasonableness of a sentence for an abuse of discretion, taking into consideration whether the § 3553(a) factors and the totality of the circumstances support the sentence the district court imposed. *See United States v. Pugh*, 515 F.3d 1179, 1190–91 (11th Cir. 2008). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553 factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will not

2

vacate a sentence as substantively unreasonable unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation mark omitted).

The district court did not abuse its discretion when imposing a 28-month sentence. This sentence is well below the statutory maximum the court could have imposed, and the record reflects the court specifically considered the § 3553(a) factors. *See* 8 U.S.C. § 1326(b)(2); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). Although the court emphasized the need for deterrence in light of Echevarria-Colon's previous conviction for illegally re-entering the country, "the weight accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). Moreover, the district court weighed the need for deterrence against Echevarria-Colon's personal characteristics and history, specifically taking into consideration that Echevarria-Colon returned to the United States to be with his wife and children. *See id.* at 745. Lastly, because the district court may rely on facts that were already considered in determining the guideline range when imposing an upward variance, the district court did not err when it varied upward based, in part, on Echevarria-

Colon's illegal re-entry conviction.  *See United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**